UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                   DECISION AND ORDER
vs.                                                    18-CR-6101 CJS

ELSTON GRIMES, JR.,

                 Defendant.

_____

      This matter is now before the Court on Defendant Elston Grimes, Jr.'s motion requesting judicial recommendation for 12 months placement in a residential re-entry center[1], and Defendant's letter motion dated April 20, 2020, which the Court received on April 29, 2020. Mot., Jan. 21, 2020, ECF No. 34; Letter, ECF No. 36. The Court construes Defendant's letter dated April 20, 2020 as an application for compassionate release due to the COVID-19 pandemic, pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). For the reasons stated below, Defendant's request for a judicial recommendation [ECF No. 34] and Defendant's motion for compassionate release [ECF No. 36] are denied.

---

[1] The Court notes that appended to Defendant's motion requesting a judicial recommendation is what appears also to be a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. That motion has been forwarded to the Court's Pro Se office for further processing.

1

On December 4, 2018, Defendant was convicted by plea of Theft of Firearms from the Business of a Federal Firearms Licensee in violation of 18 U.S.C. § 922(u), and on March 6, 2019 was sentenced to a 37-month prison term in the Bureau of Prisons. J., Mar. 6, 2019, ECF No. 32. He is due to be released on March 23, 2021, and has a half-way house placement date of November 19, 2020. He made a previous request for compassionate release for non-medical reasons in 2019 which was denied by the warden of the facility in which Defendant was imprisoned on September 6, 2019. Ex. A, 13–15, ECF No. 34.

18 U.S.C. § 3582(c)(1)(A), the statute governing compassionate release, does not provide the Court with the discretion to modify an imposed term of imprisonment unless one of the following requirements are met:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

28 C.F.R. § 571.61 provides the procedure an inmate must follow to initiate a request for compassionate release, and 28 C.F.R. § 542.10 *et seq.* provide the proper procedures for fully exhausting the Defendant's administrative rights under the Bureau of Prisons' Administrative Remedy Program.

Based on the evidence submitted by Defendant, it does not appear that he exhausted his administrative remedies pursuant to 28 C.F.R. § 542.10 *et seq.* following the warden's denial of his previous request for compassionate release.

September 6, 2019. Ex., 13–15, ECF No. 34. In any event, even if Defendant had exhausted his administrative remedies with respect to that request, the Court finds that Defendant's earlier application for compassionate release for non-medical reasons does not satisfy the exhaustion requirement with respect to the present application based upon the COVID-19 pandemic. *See, e.g., United States v. Seifert*, 06-CR-6111 (CJS), Apr. 20, 2020, ECF No. 39 ("The whole point of the exhaustion requirement is to give the [Bureau of Prisons] the opportunity to consider the merits of a case specific request for compassionate release.") Further, with respect to Defendant's request for a judicial recommendation of 12 months RRC placement, the Court finds that the Bureau of Prisons is in a better position to evaluate the specifics of Defendant's situation, as well as the opportunities available for Defendant's placement at this time.

Therefore, the Court denies Defendant's request for a judicial recommendation [ECF No. 34], and Defendant's letter application for compassionate release [ECF No. 36] without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

DATED:   May 1, 2020
         Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge

3