UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

vs.

ELSTON GRIMES, JR.,
                    Defendant.

_____

DECISION AND ORDER

18-CR-6101 CJS
20-CV-6287 CJS

INTRODUCTION

Now before the Court is a motion (ECF No. 38) by Elston Grimes, Jr. ("Grimes" or "Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Although as part of Grimes' Plea Agreement he waived the right to appeal or collaterally attack the sentence he received, he now seeks to avoid that waiver by claiming that his attorney, Assistant Federal Public Defender Steven Slawinski, Esq. ("Slawinski") provided ineffective assistance of counsel in connection with his decision to plead guilty. However, for reasons discussed below, the application lacks merit and is denied.

BACKGROUND

The reader is presumed to be familiar with the procedural history of this action. Briefly, the following facts are set forth in the Government's response to the Section 2255 motion, to which Grimes has not objected:

> Pursuant to a written plea agreement, on December 4, 2018, Petitioner Elston Grimes, Jr., waived indictment and pleaded guilty to a one-count information which

1

charged a violation of 18 U.S.C. § 922(u), theft of firearms from the business of a federal firearms licensee. See Exhibit 1,[1] Plea Agreement. In that agreement, the parties agreed to an advisory sentencing guidelines range of 37 to 46 months based on an offense level of 19 and a criminal history category of III. Ex. 1, ¶ 12. Pursuant to the plea agreement, Grimes waived his right to appeal or collaterally attack any sentence that was within or below that advisory guidelines range. Ex. 1, ¶¶ 23, 24.

The plea agreement was executed in open court following an extensive plea colloquy. During the course of the colloquy, this Court carefully reviewed the salient terms of the agreement. See Exhibit 2, Transcript of the October 31, 2017 plea hearing. The Court confirmed that Grimes was of sound mind and had not been coerced in any way into entering the plea of guilty. Ex. 2, pp. 4-6, 31. The Court also confirmed that Grimes [had] read the plea agreement himself, reviewed the plea agreement with his attorney, and believed that entering into the plea agreement was his best course of action. Ex. 2, pp. 6-7, 8, 23, 31. Significantly, this Court confirmed that Grimes was satisfied with counsel's advice and representation. Ex. 2, p. 7.

This Court informed Grimes of the charge against him, the statutory maximum penalty, the elements of the offense, as well as the trial rights he was relinquishing, and confirmed that there was a factual basis to support the guilty plea. Ex. 2, pp. 9, 16-17, 27-30, 32-34. The Court confirmed that Grimes understood the sentencing calculations, and that with a total offense level of 19 and a criminal history category III, the parties agreed that Grimes' guidelines sentencing range was 37 to 46 months. Ex. 2, pp. 12-16. This Court then thoroughly discussed the appeal and collateral attack waiver section of the agreement. Ex. 2, pp. 19-21. Grimes confirmed that he clearly understood that if he were sentenced to 46 months or less, he was giving up his right to appeal or collaterally attack his sentence. Ex.2, pp. 20-21. Prior to executing the plea agreement, Grimes confirmed to this Court that the declarations contained at the end of the plea agreement were true and correct. Ex. 2, pp. 25-26. The declarations stated:

> This plea agreement represents the total agreement between the defendant, ELSTON GRIMES, JR., and the government. There are no promises made by anyone other than those contained in this agreement.

---

[1] The internal citations in the quoted paragraph refer to exhibits to the Government's Response.

> This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.
>
> * * *
>
> I have read the agreement, which consists of 10 pages. I have had a full opportunity to discuss this agreement with my attorney, Steven G. Slawinski, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

Ex. 1, p. 10. Grimes executed the plea agreement in the presence of the Court. Ex. 2, p. 26. This Court then found:

> For the record, the Court is observing Mr. Grimes sign the plea agreement. The Court is satisfied based on answers he's given to questions put to him by the Court, based on his demeanor in answering these questions and based on his signing of the plea agreement … that the plea agreement and plea are being entered into knowingly, intelligently, and voluntarily.

Ex. 2, p. 26.

The Court read the charge to Grimes and Grimes pleaded guilty. Ex. 2, p. 37. As the record clearly demonstrates, this Court found that the guilty plea was in all respects knowing, intelligent, and voluntary.

Prior to sentencing, the United States Probation Department prepared a Presentence Investigation Report ("PSR"). The calculations in the PSR differed from those in the plea agreement[, in that t]he PSR found that Grimes stole a total of eight firearms instead of the seven the parties agreed upon in the plea agreement, and recommended a four-level increase pursuant to United States Sentencing Guidelines ("USSG") §2K2.1(b)(1)(B). See PSR, ¶¶ 32, 62.[2] This resulted in a total offense level of 21 (instead of 19, as calculated in the plea agreement) and a range of 46 to 57 months instead of the plea agreement's 37 to

---

[2] Grimes broke into a gun shop and removed eight firearms, but he dropped one of the firearms on the lawn of the premises as he was leaving the scene with the other seven.   Probation found, and the Court agreed, that Grimes actually stole eight firearms, not seven.

>  46 months.
>
>  Although Grimes spoke numerous times at his sentencing proceeding, he at no time objected to the 37 to 46 month sentencing range set forth in the plea agreement. See Exhibit 3, Transcript of the March 4, 2019 sentencing proceeding. Grimes confirmed that he received the PSR, read it himself and reviewed it with his attorney. Ex. 3, p. 8. This Court heard Grimes' argument regarding his objection to the PSR regarding the number of firearms stolen and made a finding that Grimes did steal eight firearms. Ex. 3, pp. 3-5, 20, 22. The Court held that USSG §2K2.1(b)(1)(B) was applicable and adopted the statements in the PSR as its finding of fact, and therefore, found a total offense level of 21 and the appropriate guideline range to be 46 to 57 months. Ex. 3, pp. 20, 22-23.
>
>  After addressing the sentencing factors set forth in 18 U.S.C. § 3553, this Court sentenced Grimes to a non-guidelines sentence of 37-months – which happened to be at the low end of the advisory guidelines range as calculated by the parties [in the Plea Agreement]. Ex. 3, pp. 21-23, 25-26. The Court noted that because [Grimes] was sentenced within the parameters of the plea agreement, he had waived his right to appeal. Ex. 3, p. 31. Judgment was entered March 6, 2019, making Grimes' conviction final as of March 20, 2019. Consistent with the waiver of appellate rights contained in the plea agreement, Grimes did not file a notice of appeal.
>
>  On January 21, 2020, Grimes, *pro se*, filed a timely motion to vacate his conviction and sentence under 28 U.S.C. § 2255. In the motion, Grimes claims that his defense attorney provided ineffective assistance during plea negotiations and failed to object to an alleged breach of the plea agreement by the government.

ECF No. 53 at pp. 1-4.

Grimes' Section 2255 motion asserts that his rights to effective assistance of counsel and to due process were violated, "which resulted in a harsher sentence tha[n] the law requires." ECF No. 38 at p. 1.  Essentially, Grimes argues that the Government violated the plea agreement when, at sentencing, it "used" Probation to determine, when calculating his sentencing range under the advisory guidelines, that he had stolen eight firearms, rather than

4

seven as stated in the Plea Agreement.[3]  Grimes contends that this violated his federal constitutional rights, even though the Court gave him a non-guideline sentence of 37 months, which was the low end of the range agreed-to in the Plea Agreement. Grimes also contends that Slawinski provided ineffective assistance of counsel by failing to object to the Government's alleged breach of the Plea Agreement.

Grimes further alleges that Slawinski provided ineffective assistance in connection with his plea, by "faill[ing] to adequately review the law and sentencing guidelines which resulted in a substantially harsher sentence." *Id*. at p. 4.  Grimes contends, in that regard, that Slawinski erroneously advised him to agree that his base offense level was 14, as a "prohibited person," rather than 12, and that Slawinski erroneously advised him to agree that his criminal history category was III, when it was actually II.

Finally, Grimes asserts that Slawsinski was "ineffective for failing to advise [him] he could plea[d] straight up to the Court without a plea agreement," purportedly since, "[b]y failing to advise [him] that he could plea[d] straight up to the Court, [he] was prejudiced with a much harsher sentence than that which would have been imposed by the Court given the unique circumstances of the case." *Id*. at p. 8.  Grimes also contends that if he had pleaded guilty without a plea agreement, he would have been able to appeal and challenge the alleged errors in the computation of his sentence under the advisory guidelines.

The Government opposes Grimes' motion, asserting that, "[i]n light of the fact that he offers no logical evidence that his guilty plea was anything but knowing and voluntary, and [that]

---

[3] See, Section 2255 Motion, ECF No. 34 at p. 6 ("The Government did breach the plea agreement when it stipulated a specific guideline was applicable to the calculation of Defendant's sentence, but later advocated for the application of a different Sentencing Guidelines, through the Probation Officer.").

in the face of the record his allegations are wholly incredible, the motion should be dismissed outright." ECFR No. 53 at p. 6.  More particularly, the Government maintains that Grimes' ineffective assistance claim is meritless, since he has not shown either that Slawinski's representation was deficient, or that he suffered prejudice.  The Government argues, for example, that Grimes has not shown that the determinations of his base offense level and/or criminal history category under the sentencing guidelines were incorrect, and that, in fact, they were correct.

The Government further points out that Grimes' contention that the Government breached the Plea Agreement by "using" probation to advocate for a higher sentence than was contemplated by the Plea Agreement is simply wrong for several reasons, including that probation is an arm of the Court, not the Government; that the Government never advocated at sentencing for an increase in the offense level based on the number of guns that were stolen; and that Grimes acknowledged in the Plea Agreement that he understood Probation's calculations might differ from the calculations contained in the Plea Agreement.

The Government also indicates that Grimes' contention that Slawinski erred in failing to advise him that he could plead guilty without a plea agreement is meritless, since he was never indicted,[4] and since if he had not waived indictment and pleaded guilty to the single charge in the Plea Agreement with an agreed-upon sentencing range, the Government would have pursued additional charges and a potentially lengthier sentence.

Finally, the Government argues that since Grimes cannot show that Slawinski provided

---

[4] *See*, ECF No. 53 at p. 19 ("His argument fails immediately as Grimes was never indicted.   Thus, defense counsel was not ineffective for failing to advise him that such opportunity existed when it did not."),

ineffective assistance in connection with the Plea Agreement, his Section 2255 motion is barred by the Plea Agreement's collateral-attack waiver.

The Court has considered the submissions and the entire record.[5]

## ANALYSIS

### Defendant's *Pro Se* Status

Since Grimes is proceeding *pro se*, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

### Section 2255 Principles

Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The Court may dismiss a section 2255 petition without conducting a hearing if the petition and the record "conclusively show" that the defendant is not entitled to relief. 28 U.S.C. § 2255(b).  Here, the Court finds that a full evidentiary hearing is not required, since there are no material factual disputes and the record conclusively shows that Grimes is not entitled to relief.

---

[5] Grimes, who did not file a reply, is no longer in custody or on supervised release, having completed both his original prison sentence and a subsequent five-month sentence for violation of supervised release.

Collateral Attack Waiver

The Government maintains, *inter alia*, that the subject Section 2255 motion is barred by the Plea Agreement, and the Court agrees. Grimes' Plea Agreement contains a waiver of his right to appeal or collaterally attack any sentence imposed by the Court which included a term of imprisonment of 46 months or less. The Court sentenced Defendant well below that number, to 37 months. Accordingly, the waiver bars this motion unless some exception applies.

"Typically, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured, such as the plea agreement, including an ineffective assistance claim." *U.S. v. Cleveland*, No. 14–4389–cr, 643 F.App'x 66, 67 (2d Cir. Mar. 17, 2016) (*citing Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir.2002); internal quotation marks omitted). To establish ineffective assistance of counsel generally,

> a defendant must make two showings. First, he must demonstrate that his counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) [("*Strickland*")]. Second, he must establish that he suffered prejudice—in this context, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S.Ct. 2052.

*Fulton v. Graham*, 802 F.3d 257, 265 (2d Cir. 2015). "In the context of a guilty plea, to show ineffective assistance, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, 'he would not have pleaded guilty and would have insisted on going to trial.'" *Phillip v. United States*, 804 F. App'x 91, 93 (2d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). The Second Circuit has stated that, "[t]o raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea

8

agreement was not knowing and voluntary, *because the advice he received from counsel was not within acceptable standards.*" *Parisi v. U.S.*, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis added, citations omitted).

Here, Grimes has not even addressed the waiver provision, except to mention in passing that the Plea Agreement contained such a clause.[6]   However, during his plea colloquy, Grimes expressly acknowledged the waiver provision and admitted to understanding that he was giving up the right to file an appeal or collateral attack if he received a sentence of 46 months or less. Despite that, the subject § 2255 motion does not contain any express argument for why the waiver should not apply.   Moreover, Grimes did not file a reply to the Government's argument that the subject motion is barred by the waiver provision.

Nevertheless, liberally construing the petition, the Court will assume that Grimes is arguing that due to ineffective assistance of counsel, his decision to enter into the "plea agreement was not knowing and voluntary because the advice he received from counsel was not within acceptable standards." *United States v. Ritter*, 700 F. App'x 10, 11 (2d Cir. 2017) (citation and internal quotation marks omitted), as corrected (Aug. 9, 2017).

However, that argument lacks merit, for essentially the same reasons argued by the Government.   Namely, while Grimes baldly asserts that Slawinski committed various unprofessional errors, that unsupported claim is contradicted by the record.   For example, Grimes has not actually shown that the guideline calculation in the Plea Agreement is incorrect, or that the Government breached the Plea Agreement.   Nor has he made any credible showing

---

[6] ECF No. 38 at p. 2.

that he suffered prejudice from Slawinski's alleged errors.[7]  Consequently, Grimes' Section 2255 Motion is barred by the Plea Agreement's collateral-attack waiver.

## CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion (ECF No. 38) is denied. Pursuant to 28 U.S.C. § 2253, the Court declines to issue a certificate of appealability, since Defendant has not made a substantial showing of the denial of a constitutional right.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.  The Clerk is directed to close civil action 20-CV-6287 CJS.

IT IS SO ORDERED.

DATED:   November 8, 2024
         Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge

---

[7] For example, Grimes suffered no prejudice by losing his right to take a direct appeal, since the issues he claims he would have raised on appeal are meritless.